# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# KANSAS CITY DIVISION

| | |
|---|---|
| 1900 VINE STREET, LLC, <br>     Plaintiff, <br> <br> v. <br> <br> 18TH & VINE DEVELOPERS, LLC, <br>     Defendant. | Case No.: 4:25-cv-515 |

## COMPLAINT AND JURY DEMAND

Plaintiff 1900 Vine Street, LLC, by and through its undersigned counsel, and for its causes of action, alleges and states:

### PARTIES

1. Plaintiff 1900 Vine Street, LLC ("1900 Vine"), is a domestic limited liability company organized under the laws of the State of Missouri with its principal place of business in Missouri, organized for the purpose of developing and operating residential and commercial real estate in the historic 18th and Vine Jazz District.

2. Defendant 18th & Vine Developers, LLC ("Developer"), is a domestic limited liability company organized under the laws of the State of Missouri with its principal place of business in Missouri, organized for the purpose of fulfilling a joint venture for the development of property via a September 14, 2023, agreement ("Master Developer Agreement") with the City of Kansas City, Missouri ("the City").

3. Developer can be served with process upon its registered agent listed with the Missouri Secretary of State's Office: CT Corporation, 120 S. Central, Suite 400, St. Louis, Missouri 63101.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over the claims in this complaint according to 28 U.S.C. §1332(a)(1), as the amount in controversy exceeds the sum or value of $75,000.00 and it is a controversy between parties of diverse citizenship.

5. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 105 and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Jackson County, Missouri.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

6. On August 6, 2021, Developer was registered with the Missouri Secretary of State.

7. The Developer is a joint venture between Taliaferro & Browne Real Estate – 18th & Vine, LLC; 1900 Vine; and McCormack Baron Salazar, Inc., designed to redevelop parcels in the 18th & Vine Historic District and in response to a City-published Request for Proposal.

8. On July 14, 2020, Developer contacted 1900 Vine, identified it as one of "our partners," and requested 1900 Vine's company overview, logo, and prior development projects.

9. On July 31, 2020, Developer prepared a proposal for the City, advising:

> MBS, Taliaferro & Browne Real Estate–18th & Vine, LLC and 1900 Vine LLC have formed a unique partnership to deliver a high-quality development to the City of Kansas City, Missouri. Each entity on their own and at times collectively have worked on projects in the District and throughout the City.

10. Developer's proposal also leveraged 1900 Vine's private development in the historic 18th and Vine Jazz District, touting:

> 1900 Vine Street LLC is one of the largest land-based property owners in the 18th & Vine District. The firm owns more than 159,000 square feet of land it is developing on one square block at 1900 and 1901 Vine Street. The proposed mixed-use development will add more than $40+ million dollars of new housing, retail and commercial private investment to the district. The development will be complementary to the proposed 18th & Vine Development RFP response. Its first phase is a proposed $18 million; 80-unit market rate/affordable housing and retail development at 1901 Vine Street and should break ground in 2020/2021.

11. The Developer's proposal included:

> Once completed, the development will consist of:
>
> - Retail/Commercial area of approximately 33,640 square feet
> - 54 Residential Units
> - Total Building Area of approximately 97,693 square feet
> - 28 structured parking spaces over the existing 35 surface parking lot for a total of 63 spaces
>
> Unique to this proposal is the development of a multi-level parking structure which will be elevated over the existing surface parking lot associated with the Monarch Apartment building. The Monarch Building was developed by MBS, who continues to serve as Managing General Partner with McCormack Baron Management as its property manager. The proposed parking structure would be raised one level to include 28 additional parking spaces. Addition of this new parking structure is a critical component of the project in that it will provide replacement parking for space lost along 18th Street with the new building development proposed there.

12. To avoid any confusion, the Developer graphically illustrated the organization of the joint venture:



13. On September 8, 2020, the Developer submitted a slide deck proposal. On its second slide, the Developer described the "Ownership Team" as including McCormack Baron Salazar; Taliaferro & Brown; and 1900 Vine. The third slide featured 1900 Vine, its One Nine Vine mixed-use development, redevelopment of a full city block south of the proposed site, and recent recommendation for a CCED investment award.

14. The slide deck proposal also repeatedly highlighted 1900 Vine's work in the area, including the One Nine Vine development:





15. On October 1, 2020, the City Council of the City of Kansas City adopted Resolution No. 200840, wherein the City Council accepted the 18th & Vine Development Policy Committee's recommendation to select Developer's proposal.

16. 1900 Vine devoted significant resources (including, but not limited to, time, assets, relationships, professionals, reputation, and experience) to the success of the redevelopment project.

4

17. In January 2022, the Developer again reached out to 1900 Vine, this time to solicit its help with interfacing with local politicians and community leaders. 1900 Vine repeatedly reported back to the Developer on the political optics and efforts to continue to move the project forward. 1900 Vine even utilized the One Nine Vine groundbreaking to discuss the redevelopment project with the City obtaining insights that helped get the project approved.

18. On February 23, 2022, the City contacted the Developer regarding the financing plan for the project, which 1900 Vine took responsibility to address.

19. On May 2, 2022, the City emailed both Developer and 1900 Vine regarding the funding gap for the redevelopment project.

20. On July 22, 2022, the City scheduled monthly meetings between the City, Developer, and 1900 Vine regarding the redevelopment project. During those meetings, 1900 Vine continued to update the City on its efforts on the project.

21. On April 16, 2023, 1900 Vine contacted Developer to discuss new funding opportunities that 1900 Vine had discovered.

22. On September 12, 2023, Developer emailed the City regarding the redevelopment project, now described as "Jazz District III."

23. On September 14, 2023, Developer entered into the Master Development Agreement with the City of Kansas City, Missouri, wherein:

    a. The joint venture was described as including Taliferro & Browne Real Estate – 18th & Vine, LLC; 1900 Vine; and McCormack Baron Salazar, Inc.;

    b. Developer represented its power and authority to enter into the Master Development Agreement and that Developer "has been duly authorized to execute and deliver this Agreement";

5

c. The parties agreed copies of notices under the Master Development Agreement had to be served on 1900 Vine.

24. On February 5, 2024, 1900 Vine received Developer's draft Memorandum of Understanding. After reviewing it, 1900 Vine provided feedback on the draft document.

25. Thereafter, Developer and its other members and/or joint venturers ceased communicating with 1900 Vine.

26. On May 5, 2025, the City and the Developer held a groundbreaking for "The Parker."

27. On May 8, 2025, the City released a press release, identifying Developer as a "Development Partner," and describing the project as both "The Parker" and "Jazz District III."

28. As a result, on May 28, 2025, 1900 Vine served Developer with a written request for its books and records.

29. On June 6, 2025, 1900 Vine served Developer with a second letter, again demanding its books and records.

30. To date, Developer has refused to respond to 1900 Vine.

## COUNT 1 – DECLARATORY JUDGMENT

31. The above paragraphs are realleged and incorporated by reference as though fully set forth herein.

32. There is a controversy regarding 1900 Vine's status as a member of Developer, or, in the alternative, as a partner in a joint venture with Developer.

33. 1900 Vine has requested books and records from Developer that would enable 1900 Vine to determine its status as a member (or, in the alternative, partner) of Developer, but Developer has refused to produce those books and records to 1900 Vine.

34. 1900 Vine's status as a member (or, in the alternative, partner) of Developer is of pecuniary and personal interest to 1900 Vine, and based on recent public announcements and

groundbreakings (including "The Parker"), is of immediate and prospective consequential relief to 1900 Vine.

35. The question of 1900 Vine's status as a member (or, in the alternative, partner) is fully ripe, and all facts surrounding this issue have occurred and are fully documented.

WHEREFORE, 1900 Vine prays for judgment against Developer, a judicial declaration that 1900 Vine is a member of Developer, or, in the alternative, a partner in a joint venture with Developer, and such further relief the Court deems just and proper.

## **COUNT 2 – INSPECTION OF BOOKS AND RECORDS**

36. The above paragraphs are realleged and incorporated by reference as though fully set forth herein.

37. Developer is required to keep, at a minimum:

(A) A current and a past list, setting forth the full name and last known mailing address of each member and manager, if any, set forth in alphabetical order;

(B) The articles of organization and all articles of amendment thereto, together with executed copies of any powers of attorney pursuant to which any articles have been executed;

(C) Federal, state, and local income tax returns and reports, if any, for the three most recent years or, if such returns and reports were not prepared for any reason, copies of the information and records provided to, or which should have been provided to, the members to enable them to prepare their federal, state and local tax returns for such period;

(D) Any effective written operating agreements, and all amendments thereto, and copies of any written operating agreements no longer in effect;

(E) Financial statements of Developer for the three most recent years, including, but not limited to, the sources of all funds, capital, and tax incentives received or pledged to Developer or its projects;

7

(F) Unless contained in a written operating agreement, a writing setting out: (i) the amount of cash and a statement of the agreed value of other property or services contributed by each member and the times at which or events upon the happening of which any additional contributions agreed to be made by each member are to be made; (ii) information that would enable a member to determine the relative voting rights of the members on a particular matter if such voting rights are other than on a per capita basis; and (iii) any events upon the happening of which Developer is to be dissolved and its affairs wound up;

(G) Written promise(s) by a member to make a contribution to Developer;

(H) Copies of any written consents by the members to the admission of any person as a member of Developer;

(I) Copies of any written consents by the members to continue Developer upon an event of withdrawal of any member;

(J) Copies of any other instruments or documents reflecting matters required to be in writing pursuant to the operating agreement.

38. 1900 Vine is a member of Developer, or, in the alternative, a partner in a joint venture with Developer.

39. 1900 Vine is entitled to inspect the foregoing records of Developer, but despite 1900 Vine's request, Developer has refused 1900 Vine's access.

40. 1900 Vine is entitled to obtain true and full information regarding the state of Developer's business and financial condition.

41. 1900 Vine has requested such information, but Developer has refused 1900 Vine's access.

WHEREFORE, 1900 Vine prays for judgment against Developer, for an order compelling Developer to provide 1900 Vine with access to Developer's books and records, for a fair and

8

Case 4:25-cv-00515-FJG    Document 1    Filed 07/03/25    Page 8 of 11

reasonable sum of damages, for its costs herein, for interest at the statutory rate, and such further relief the Court deems just and proper.

## COUNT 3 – QUATUM MERUIT

42. The above paragraphs are realleged and incorporated by reference as though fully set forth herein.

43. 1900 Vine provided services to Developer, including, but not limited to, assisting Developer in securing award of the project which resulted in the Master Developer Agreement and groundbreaking for "The Parker"; locating and obtaining financing to close the gap between government subsidies and the full costs of the project; marshalling local political will and maintaining collaborative relationships with community leaders, lending 1900 Vine's goodwill and political capital to Developer.

44. The value of 1900 Vine's services, including its goodwill, name recognition, and influence of its success in the 18th & Vine Historic District, is of certain or reasonable value to Developer. 1900 Vine devoted significant resources (including, but not limited to, time, assets, relationships, professionals, reputations, and experiences) to the success of the redevelopment project based on Developer's (or the joint venture's) representation and inducement that 1900 Vine was a member (or partner) and would receive profits and reimbursement from the redevelopment project and would be involved in additional redevelopment projects in later phases.

45. Developer has failed and refused to pay 1900 Vine for the reasonable value of its services.

WHEREFORE, 1900 Vine prays for judgment against Developer, for a fair and reasonable sum of damages, for interest on any judgments entered, for costs herein, and for such other and further relief the Court deems just and proper.

9

## COUNT 4 – BREACH OF FIDUCIARY DUTY

46. The above paragraphs are realleged and incorporated by reference as though fully set forth herein.

47. Developer and 1900 Vine associated together to carry out a single business enterprise for profit, including the above-described development in the 18th and Vine Jazz District.

48. In this, Developer and 1900 Vine were to equally share the profits of their joint venture.

49. As partners in the joint venture, Developer owed fiduciary duties to 1900 Vine.

50. As a partner in the joint venture, Developer owed a duty to provide the books and records of the joint venture to 1900 Vine upon demand, but has failed to do so.

51. As a partner in the joint venture, Developer owed a duty to ensure true and full information of all things affecting the joint venture to 1900 Vine upon demand, but has failed to do so.

52. The failure to provide this information to 1900 Vine is a breach of Developer's fiduciary duties owed to 1900 Vine.

53. 1900 Vine has been damaged by Developer's conduct.

WHEREFORE, 1900 Vine prays for judgment against Developer, for an order compelling Developer to provide 1900 Vine with access to the joint venture's books and records, for a fair and reasonable sum of damages, for its costs herein, for interest at the statutory rate, and such further relief the Court deems just and proper.

## COUNT 5 – ACCOUNTING

54. The above paragraphs are realleged and incorporated by reference as though fully set forth herein.

55. As more fully described above, Developer has wrongfully excluded 1900 Vine from its business.

56. 1900 Vine is entitled to an accounting of Developer, or, in the alternative, of the joint venture.

WHEREFORE, 1900 Vine prays for judgment against Developer, for an interlocutory order ordering an accounting of Developer, or, in the alternative, its joint venture, for such an accounting, and such further relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

57. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial to a jury on all issues so triable in this action.

Respectfully submitted,

**Fagan & Emert, LLC**

/s/Brennan P. Fagan
Brennan P. Fagan #53583
Jennifer R. Johnson #59197
Quentin M. Templeton #67330
800 New Hampshire St., Ste. 110
Lawrence, KS 66044
(785) 331-0300 – Telephone
(785) 331-0303 – Facsimile
bfagan@faganemert.com
jjohnson@faganemert.com
qtempleton@faganemert.com
Attorneys for Plaintiff